**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WAYNE COLE,                           :
                                      :     Civil Action No. 04-1452 (WHW)
        Petitioner,          :
                                      :
        v.                   :     **OPINION**
                                      :
KATHARYN MACFARLAND,                  :
                                      :
        Respondent.          :

**APPEARANCES:**

    Wayne Cole, Petitioner *pro se*
    SBI #491249B
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, NJ 08302-3479

**WALLS**, District Judge

    Petitioner Wayne Cole, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondent is Administrator Katharyn MacFarland.

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Notice has not been given pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), because it appears from a review of the Petition and its attachments that the Petition is not timely. <u>See</u> 28 U.S.C. §§ 2243, 2244(d). Instead, by Orders entered April 29, 2004, [Docket Entry No. 4] and September 30, 2004, [13], this Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely.

## I. BACKGROUND

Petitioner asserts that he was convicted pursuant to a guilty plea and sentenced in the Superior Court of New Jersey, Trial Division, Essex County on March 29, 1993. Petitioner did not pursue a direct appeal of the conviction or sentence.

On June 12, 1997, Petitioner filed his first state-court petition for collateral relief, a motion for sentence reduction. Several other state-court collateral motions and petitions for post-conviction relief followed. The most recent is still pending.

Petitioner's current § 2254 petition, dated March 22, 2004, was received in this Court on March 25, 2004.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be

2

> granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III. ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

As noted above, however, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations

4

period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of

---

[2] "[A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted). Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for

6

mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became final prior to April 24, 1996; therefore, he had until April 24, 1997, absent statutory or equitable tolling, to file his § 2254 petition in this Court. Petitioner's first state PCR petition was not filed until after that date. Accordingly, the first state PCR petition did not serve to toll the federal limitations period applicable to this Petition.

In response to the Order to Show Cause, Petitioner has asserted no facts suggesting any ground for equitable tolling based on events occurring prior to April 24, 1997. Thus, the Petition is untimely.[3]

In an effort to avoid a finding that the Petition is untimely, Petitioner asserts that he is raising a claim that the state courts have denied him due process by delaying action in the processing of his state PCR petition, (Response to Order to Show Cause, Docket Entry No. 25, at 3), a claim which has arisen more recently than April 24, 1997. While failure by a state to act timely on a pending PCR petition might be grounds for deeming state remedies exhausted, see Wojtczak v. Fulcomer, 800 F.2d 353,

---

[3] Petitioner also alleges ineffective assistance of counsel in his state collateral post-conviction proceedings. Ineffective assistance of counsel in collateral post-conviction proceedings is not a ground for relief in a proceeding arising under § 2254. 28 U.S.C. § 2254(i).

7

355-56 (3d Cir. 1986), such delay cannot resurrect this Petition, which was untimely when filed.

In addition, Petitioner has submitted an Amended Petition, [28], dated May 6, 2005, asserting that "contrary to Blakely v. Washington, 124 S.Ct. 2531 (2004)[4], the sentencing judge found and applied aggravating factors that I did not admit to and were not found by a jury to sentence me to a term more punitive than the presumptive term. ... The claim propounded [here] was not argued in the Appellate Division or the State Supreme Court."

Petitioner's newly-asserted Blakely claim is unexhausted and subject to dismissal without prejudice on that ground alone. See 28 U.S.C. § 2254(b)(1). The Court of Appeals for the Third Circuit has held "that district courts have the discretion to stay mixed habeas corpus petitions but that ... when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews v. Horn,

---

[4] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 124 S.Ct. at 2536-37 (internal quotations omitted.) Most recently, in United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied the rule of Appendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

360 F.3d 1416, 154 (3d Cir. 2004). Accordingly, this Court must determine whether dismissal of the unexhausted Blakely claim could jeopardize the timeliness of Petitioner's attack, should he wish to return to federal court after exhausting his state remedies.

At first blush, it might appear that, barring a stay or tolling, dismissal at this time could render untimely a reassertion of the Blakely claim after exhaustion. Here, however, the Blakely claim is not retroactively applicable to cases on collateral review. See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005), does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003) (holding that Apprendi v. New Jersey, 503 U.S. 466 (2000), does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (holding that Apprendi does not apply retroactively to cases on collateral review). See also United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely does not apply retroactively to cases on collateral review); United States v. Enigwe, 2005 WL 928536 (E.D. Pa. April 18, 2005) (same). Thus, there is nothing to be gained by staying this Petition pending exhaustion of the Blakely claim. Of course, the dismissal of the Blakely claim will be without prejudice, should the Supreme Court

9

subsequently hold that <u>Blakely</u> is retroactively applicable. <u>See</u> 28 U.S.C. § 2244(d)(1)(C).

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, the Court finds that jurists of reason would not find it debatable whether this Court is correct in its procedural rulings. Accordingly, no certificate of appealability will issue

## V.  CONCLUSION

For the reasons set forth above, the <u>Blakely</u> claim will be dismissed without prejudice. All other claims will be dismissed with prejudice as untimely. No certificate of appealability shall issue. An appropriate order follows.

William H. Walls
United States District Judge

Dated: 8 July 2005

11